IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,
    Plaintiff,

vs.                            Case No. 3:11cv167/MCR/EMT

RICHARD VIVIANO,
    Defendant.
_____ /

## REPORT AND RECOMMENDATION

      Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (Doc. 1). The court granted leave to proceed in forma pauperis (Doc. 11). Presently before the court is Plaintiff's amended complaint (Doc. 13).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of

Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

I.     RELEVANT ALLEGATIONS

Plaintiff, a resident of the State of New York, names one Defendant in this action, Richard Viviano, an attorney at the Legal Aid Society in White Plains, New York (Doc. 13 at 1, 2).  He states Mr. Viviano represented him in two criminal matters (Doc. 13 at 3; *see also* Doc. 1 at 5, 7).  Plaintiff states Mr. Viviano threatened not to win his cases and told him that no other lawyer would win his cases (Doc. 13 at 3; *see also* Doc. 1 at 5).  As a result, Plaintiff was incarcerated for fifty-four (54) months in one case, and twenty-one (21) months in the other (Doc. 13 at 3; *see also* Doc. 1 at 7). Plaintiff seeks monetary damages for suffering (Doc. 14 at 4).  He additionally seeks Mr. Viviano's disbarment because "[h]is cases just did not work out right" (*id.*).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Case No: 3:11cv167/MCR/EMT

II.     ANALYSIS

Plaintiff does not identify any federal right he contends Mr. Viviano violated, nor does he otherwise allege facts suggesting this case arises under the Constitution or federal law.  Therefore, it does not appear that a basis for federal question jurisdiction exists.[2]

Additionally, as Plaintiff was previously advised, to the extent he seeks to sue Mr. Viviano under § 1983, he cannot state a plausible cause of action.  "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'"  Arnold v. Board of Educ. of Escambia County, Ala., 880 F.2d 305, 309 (11th Cir. 1989).  To state a prima facie claim under section 1983, Plaintiff must allege:

1.    the defendant's conduct caused the constitutional violation, and
2.    the challenged conduct was "under color of state law."

See Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).  A private party does not normally act under color of state law and is therefore not subject to suit under section 1983.  *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')."  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

---

[2] Diversity jurisdiction does not exist because Plaintiff asserts he and Mr. Viviano reside in New York (Doc. 13 at 2).

Case No: 3:11cv167/MCR/EMT

In the instant case, Plaintiff has failed to show that Mr. Viviano was a state actor for purposes of § 1983.  Therefore, he cannot state a claim for relief under that statute.

Moreover, the holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) bars Plaintiff's claim for monetary damages.  In Heck, the Supreme Court stated that an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 487.  In this case, Plaintiff's damages claim rests on the contention that Mr. Viviano's allegedly unlawful representation led to Plaintiff's incarceration.  Were this court to make a determination in Plaintiff's favor, it would call into question the validity of his convictions.  Plaintiff does not allege he obtained an invalidation of either of his convictions.  Therefore, this action should be dismissed.

Based upon the foregoing, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 28th day of June 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**